# Exhibit A

Electronically Filed
5/11/2021 11:37 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 968-7525
E-mail: justin@erinjuryattorneys.com
Attorneys for Plaintiff

CASE NO: A-21-834407-C
Department 4

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| BEVERLY BECKWITH, individually;<br><br>　　　　　Plaintiffs,<br>vs.<br><br>THE VONS COMPANIES, INC., individually;<br>DOES I - X, and ROE CORPORATIONS I - X,<br>inclusive,<br><br>　　　　　Defendants. | CASE NO.<br>DEPT. NO.<br><br>**COMPLAINT**<br><br>**ARBITRATION EXEMPT**<br>**[Amount in Controversy Exceeds $50,000]** |

Plaintiff complains as follows:

**GENERAL ALLEGATIONS**

1. The actions complained of herein occurred in Clark County, Nevada.

2. Defendant THE VONS COMPANIES, INC. is, and at all times mentioned herein, was, a corporation conducting business in Clark County, Nevada.

3. This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1) because the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00.

4. The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

5. At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named

- 1 -

Defendants.

6. On November 19, 2019, Plaintiff was an invitee of Defendants located at 5500 Boulder Highway, Las Vegas, Nevada (hereafter the "Property").

7. Defendants maintained and were in control of the Property.

8. While visiting the Property, Plaintiff slipped and fell on a grape on the floor inside the Property (hereafter the "dangerous condition"), causing Plaintiff serious injuries.

9. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

10. Defendants negligently, carelessly, and recklessly maintained, constructed and allowed the dangerous condition to exist.

## FIRST CAUSE OF ACTION

11. Plaintiff incorporates paragraphs 1 through 10 of the Complaint as if those paragraphs were fully incorporated herein.

12. Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

13. Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-obvious condition.

14. Defendants' negligence directly and proximately caused Plaintiff serious injury.

15. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future.

16. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause loss of enjoyment of life.

17. Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

\\\

WHEREFORE, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For reasonable attorney's fees and costs;
4. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.

ER INJURY ATTORNEYS

By: _____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff